```
JOSE ANTHONY BORJA
CDCR # T-54311
P.O. Box 8504
Coalinga, CA 93210

In Pro Se
```



IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTHONY BORJA,<br><br>　　　　　　　Petitioner,<br>v.<br><br>MATTHEW CATE,<br><br>　　　　　　　Respondent. | CV 09-2420 DDP (SS)<br><br>Reply To Answer To Petition For Writ Of Habeas Corpus; Points And Authorities<br><br>Hon. Suzanne H. Segal<br>U.S. Magistrate Judge |

   Petitioner JOSE ANTHONY BORJA makes this Reply to Respondent's Answer to his Petition for Writ of Habeas Corpus and alleges as follows:

   1. Paragraphs 1, 4, 5, and 10 of Respondent's Answer are not true for the reasons set forth in his petition and this Reply, and the points and authorities in support thereof.

   2. Paragraphs 2, 3, 6, 7, 8, and 9 of Respondent's Answer are true.

   3. Petitioner incorporates by reference and resubmits his Petition for Writ of Habeas Corpus as if fully set forth herein.

   4. Petitioner also incorporates herein by reference the Memorandum of Points and Authorities and Exhibits to his Petition

1  and this Reply.

2  WHEREFORE, Petitioner respectfully requests that this Court
3  grant the petition to afford Petitioner a new trial.

4  Dated: October 9, 2009

Respectfully submitted,

*[signature: Jose Borja]*

JOSE BORJA,
Petitioner in pro se

# MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

### I.

### The State Court Unreasonably Applied U.S. Supreme Court Authority In Its Opinion That It Was Not Prejudicial Constitutional Error For A Gang Expert To Testify That He Believed Petitioner Was Guilty Of All Gang Enhancement Allegations

Respondent states that Borja has not cited any constitutional right that requires exclusion of the gang expert's testimony. (Resp't's Answer 12:5.) Respondent is wrong. Borja explicitly relies on Ulster County Court v. Allen, 442 U.S. 140, 155 (1979). (See Pet. Mem. 13:22.)

Respondent also echoes the Court of Appeal's erroneous belief that Detective Skahill merely "responded to a hypothetical question based on the facts of this case and opined [on] hypothetical crimes ...." (Resp't's Answer 13:26.) Actually, as Borja has shown, Skahill's testimony was not based on hypothetical facts at all. (See Pet. Mem. 17:13-24.)

Respondent also says that even without Skahill's testimony, there was "strong evidence" that Borja committed the crimes for the benefit of, or in association with, a gang. (Resp't's Answer 14:15.) The evidence Respondent gives, however, does not show that the crime was committed for a gang. (See Pet. Mem. 16:2.)

Respondent says other evidence showed that Borja was still a gang member. (Resp't's Answer 14:15-15:15.) But even if true, it is irrelevant since not all gang members' crimes are committed to benefit the gang, and none of the evidence Respondent gives weighs on this central issue which Skahill improperly testified on.

II.

**The State Court Unreasonably Applied U.S. Supreme Court Authority In Its Opinion That There Was Sufficient Evidence To Find That Petitioner's Conduct Satisfied The Gang Enhancement Requirements**

Respondent tries to distinguish the case Borja relies on: <u>Garcia v. Carey</u>, 395 F.3d 1099 (9th Cir. 2005). However, Respondent's attempt fails because the court in <u>Garcia</u> was, just as in Borja's case, presented with "circumstantial evidence." <u>Id.</u> at 1104. There the expert opined that Garcia was a member of a gang, the robbery was committed on gang territory, and that Garcia's gang was "turf-oriented." <u>Id.</u> Similarly, all of the evidence was circumstantial that Borja committed his crime to benefit a gang. The reasoning of <u>Garcia</u> applies equally here.

Respondent says that there was circumstantial evidence besides what Skahill testified to. (Resp't's Answer 19:1.) But then Respondent lists primarily opinion testimony from Skahill. (Resp't's Answer 19:3-8, 15-19.) In fact, the only two pieces of non-Skahill "evidence" Respondent gives are field identification cards which merely contained information from prior cards made years earlier, the fact that Andrade said Borja was a "cholo" named Toro, and Bautista's claim that Borja was a gang member. (Resp't's Answer 19:8-14.) But this is only circumstantial evidence that Borja may still have been a gang member, <u>not</u> that the shooting was done "for the benefit or, at the direction of, or in association with" any gang <u>and</u> "with the specific intent to promote, further, or assist in any criminal conduct by gang members ..." Cal. Penal Code § 186.22(b)(1).

In sum, it does not matter that there was arguably sufficient

circumstantial evidence that Borja may have been in a gang, because that was not at issue. The only thing at issue was § 186.22, and just as in Garcia there was not sufficient evidence that Borja's alleged conduct met that statutory requirements.

### III.

### The State Court Unreasonably Applied U.S. Supreme Court Authority In Its Opinion That There Was Sufficient Evidence That Petitioner Was Aware Of The Existence Of The Baustistas When He Short Carlos Andrade

Respondent argues that since there was no evidence that Borja did not see the Bautistas or their car, there was sufficient evidence to convict him of assault with a firearm under Penal Code section 245. (Resp't's Answer 20:28.) But Respondent makes the same burden-shifting error the Court of Appeal made. Since under state law Borja had to know of the Bautista's presence to be convicted of assaulting them, the burden was on the prosecution to prove that he *did* know of their presence, not the exact opposite burden as the appellate court and Respondent imply. See People v. Williams, 26 Cal.4th 779, 783 (2001) (holding § 245 conviction requires knowledge of presence of victim).

Since there was no evidence adduced at trial that Borja saw the Bautistas or their car, his conviction was based on inufficient evidence.

/ / /
/ / /
/ / /

## CONCLUSION

For the foregoing reasons and those in the previously filed Petition and Memorandum, this Court should grant the Petition.

Dated: October 9, 2009

Respectfully submitted,

*/s/ Jose Borja*

JOSE BORJA,
Petitioner in pro se

DECLARATION OF SERVICE BY U.S. MAIL

Case Name: <u>Borja v. Cate</u>

Case No.: CV 09-2420-DDP (SS)

I, Maria Diaz, declare:

I am a resident of West Covina in the State of California. I am over 18 years of age and not a party to this action. My address is 805 Wescove Pl., West Covina, CA 91790.

On **October 03**, 2009, I served the attached:

**Reply to Answer to Petition for Writ of Habeas Corpus; Points and Authorities**

on the parties herein by placing a true copy thereof, with postage thereon fully prepaid, in a U.S. Mail deposit box, and addressed as follows:

**David E. Madeo**
**Deputy Attorney General**
**300 South Spring St., Ste. 1702**
**Los Angeles, CA 90013**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this **3rd** day of **October**, 2009, at West Covina, California.

*/s/ Maria Diaz*
MARIA DIAZ,
Declarant