```
1  Jose Anthony Borja
   CDCR # T-54311
2  P.O. Box 5103
   Delano, CA 93216
3
   In Pro Se
4
```



```
                  UNITED STATES DISTRICT COURT

                  CENTRAL DISTRICT OF CALIFORNIA
```

| Jose Anthony Borja, | No. CV-09-2420-DDP-SS |
|---|---|
| Petitioner, | Petitioner's Objections to Report and Recommendation of U.S. Magistrate Judge; Memorandum in Support |
| v. | |
| Matthew Cate, CDCR Secretary, | |
| Respondent. | Hon. Dean D. Pregerson<br>U.S. District Judge |

Pursuant to this Court's Order of September 1, 2011, Petitioner hereby files and serves these Objections to the U.S. Magistrate Judge's Report and Recommendation.

I. The Magistrate is incorrect in its opinion that it was not prejudicial constitutional error for a gang expert to testify that he believed Petitioner was guilty of all gang enhancement allegations.

Petitioner agrees with much of the Magistrate's conclusions regarding his first claim. He agrees that the gang expert's "discussion of gang culture did not result in a deprivation of

---

1. The Secretary of the CDCR remains the proper respondent, not the Warden as the Magistrate believes. See Cal. Pen. Code §§ 1202a (state inmates under custody of Secretary), 5054 (Secretary retains custody of prisoners), 28 U.S.C. § 2242 and Habeas Rule 2 (proper respondent is official who has custody of petitioner).

1 Petitioner's right to due process or a fair trial." (R&R 17:21.)
2 He agrees that the gang expert's testimony was necessary for the
3 jury to determine whether Petitioner's conduct met the criteria for
4 a gang enhancement allegation. And Petitioner agrees that the
5 admission of evidence only violates due process if both criteria
6 are met in Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.
7 1991). (R&R 17:14.)

8 But the Magistrate mistakenly analyzes Petitioner's claim as
9 challenging the gang expert's *entire* testimony. (See R&R 17:21.)
10 Yet the only portion of his testimony Petitioner' argued was
11 unlawful was the expert's lengthy opinion that Petitioner was
12 guilty of the gang enhancement charges. (See Pet'r's Mem. Supp.
13 Pet. 14:28-15:6.)

14 It is this unconstitutional opinion on the ultimate issue that
15 likely had a subtantial and injurious influence on the jury's
16 decision to add several gang-enhancement life sentences onto what
17 otherwise would have been a non-life term.

18 And the Magistrate is plainly wrong in stating that the gang
19 expert "never directly stated that Petitioner was guilty of any
20 specific crime or that the jury should find true the gang enhance-
21 ment allegation ..." (R&R 19:8.) Actually, not only *did* the gang
22 expert do this, Petitioner cited the record portions where he did.
23 (Pet'r's Mem. Supp. Pet. 17:17-24.) In fact, the expert was
24 *directly asked* by the prosecution whether Petitioner was guilty of
25 the charged gang enhancements:

26     [Q:] ... Do you have any opinion with respect to
    whether this offense was committed for the benefit of
27     or at the direction of or in association with a
    criminal street gang?

28

(Lodgment L, at p. 233:17-20.) The experts answer -- that Petitioner was guilty of the gang charges -- goes on for nearly three pages. (Lodgment L, at p. 233-236].)

This testimony is the exact type prohibited by the U.S. Supreme Court because it lightens the jury's duty to "draw the ultimate conclusions of guilt or innocence," and "undermines the factfinder's responsibility ... to find the ultimate facts beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 514 (1995); Ulster County Court v. Allen, 442 U.S. 140, 155 (1979).

Finally, the Magistrate posits non-existent facts when it quotes the detective's counterfactual assertion that "everybody" saw Petitioner's threat. (R&R 15:12.) In fact, no evidence was presented that anyone besides Petitioner and the victim saw it. This is a critical fact because the expert's conclusion that Petitioner's threat was for the benefit of a gang was partly based on his false belief that others witnessed it, which he opined would raise the stature of the gang.

Even worse, the expert's unconstitutional testimony on Petitioner's guilt was predicated on his belief that Petitioner was actually a member of a gang. Yet no evidence was admitted that he was. And in fact, the only evidence touching upon this issue showed that not only did Petitioner never identify himself as a gang member to the victim or others, but also that the most recent data in the Field Identification card for Petitioner -- used by the same gang unit the expert worked for -- showed that Petitioner was not an active gang member since at least 2001 -- four years prior to the alleged offense. This is not surprising since at the time Petitioner was 31 years old, lived with his wife and two daughters,

and was gainfully employed. (Lodgment 7 at p. 271.)

In short, while the Magistrate identifies and applies the correct legal standard, it rejects an argument Petitioner never made, ignores facts material to his claim, and makes factual findings that are plainly wrong. Accordingly, the Report must be rejected with respect to claim one.

## II. The Magistrate incorrectly finds there was sufficient evidence Petitioner's conduct was gang-related and he knew the Bautistas were present.

### A. The Magistrate incorrectly states that there was sufficient evidence that Petitioner's crime was gang-related.

The Report claims there is "ample evidence" that Petitioner committed his crime for the benefit of a gang. (R&R 24:6.) This is plainly wrong.

This "ample" evidence is the same the appellate court used:

1. Petitioner's association with the gang;

2. His use of a "mad-dogging" stance;

3. The fact that the shooting occurred in gang territory; and

4. The gang-expert's opinion that the crimes at issue were consistent with a typical gang's demand for respect on its turf and goal of intimidating community members.

(R&R 23:17.)

But this evidence either does not exist or is insufficient. The Report is correct that is must presume "the trier of fact resolved any [evidentiary] conflicts in favor of the prosecution ..." (R&R 26:9.) The only problem is that there were no such conflicts.

The first piece of "evidence" -- Petitioner's gang association -- is non-existent, as shown above in argument I. Not one piece of

evidence suggested Petitioner was a member of a street gang. In fact, the evidence showed the exact opposite: Petitioner was a <u>former</u> gang member, inactive for over four years, employed with a wife and two kids.

The second basis -- the "mad-dogging" stance -- is not even evidence. The only evidence of what Petitioner did when yelled at by Andrade came from Andrade himself. After Andrade yelled at him, Petitioner stopped his car, got out, and menacingly glared at Andrade. It was only the gang expert who labeled this as "mad-dogging," which imbued it with gang-related malevolence. Yet since Petitioner was not a gang-member, such a glare is not evidence of a gang-related action.

The next basis parroted as evidence of a gang-related crime is that it occurred in gang territory. Yet both the victim and Petitioner -- along with hundreds of other <u>non</u>-gang-members, lived in this "territory," which was a residential neighborhood. By the Magistrate's logic, any crime in gang territory is gang-related, which is an absurd tautology.

The final basis is no basis at all. The above "evidence" is all that formed the gang-expert's opinion that it was a gang-related crime. But since that evidence is insufficient, so is the opinion it is based on. An expert opinion on the import of evidence does not create new evidence, let alone further evidence supportive of the expert's conclusion, as the Magistrate and appellate court here cite it for.

The Report also misunderstands Petitioner's reliance on <u>Garcia v. Carey</u>, 395 F.3d 1099 (9th Cir. 2005). Nowhere did Petitioner argue that the state courts erred in upholding his conviction

because his act only facilitated gang members' activities <u>other than</u> his crime. (R&R 23, fn. 5.) Petitioner never quoted <u>Garcia</u> for this proposition, nor did he need to. He cited <u>Garcia</u> only as a persuasive analogue to the facts of his case, where the gang expert's opinion was conclusory. While the Magistrate is correct that <u>Albillar</u> overturned <u>Garcia</u>'s interpretation of section 186.22(b)(1), it did not overturn <u>Garcia</u>'s reasoning relied upon here.

In sum, the "evidence" of a gang-related crime here is the exact type of that California courts and our circuit have repeatedly rejected as being insufficient for a conviction under Penal Code § 186.22. See <u>In re Frank S.</u>, 141 Cal. App. 4th 1192 (2006); <u>People v. Killebrew</u>, 103 Cal. App. 4th 644, 651 (2002).

**B. The Magistrate incorrectly states that there was evidence Petitioner knew of the existence of the Bautistas.**

The Report correctly quotes state law that "the record must show that "the defendant had actual knowledge [that] his act, by its nature, would probably and directly result in physical force being applied on another person.'" (R&R 28:6.)

But then the Report quotes tautological dictum from a state case that because the "gravamen of assault is the likelihood that the defendant's action will result in a violent injury to another, it follows that a victim of assault is one for whom such an injury was likely." (R&R 28:10 [quoting <u>People v. Trujillo</u>, 181 Cal. App. 4th 1344, 1355 (2010) (cit. omit.)].) This case is irrelevant because Petitioner only challenges the sufficiency of the mens rea element of this charged offense. If there was no evidence Petitioner knew the Bautista's where present when he shot at Andrade,

then there is insufficient evidence to sustain that conviction.

The Report tries to get around this by quoting from the appellate court's opinion that "there was no evidence [Petitioner] did not see the car or its ... occupants." (R&R 28:28 [quoting Lodgment G at 15].) While true, it is irrelevant, since there was also no evidence Petitioner <u>did</u> see -- or <u>could possibly have seen</u> -- the Bautistas. The shooting occurred at night, and Rene Bautista failed to identify Petitioner out of a photo line-up.

The prosecution did not just have to show that Petitioner had actual knowledge that his actions would probably result in injury -- it had to show that Petitioner had actual knowledge his acts would likely result in injury <u>to the Bautistas</u>. That's exactly what it failed to prove, which is why Petitioner's conviction was based on insufficient evidence.

## Conclusion

WHEREFORE, for the foregoing reasons the Report and Recommendation must be rejected.

Dated: October 13, 2011

Respectfully submitted,

*/s/ Jose Borja*
Jose Anthony Borja,
Petitioner in pro se

Declaration of Service by U.S. Mail

Case Name: Borja v. Cate

Case No.: CV-09-2420-DDP-SS

I, Rain Dickey-O'Brien, declare:

I am a resident of Pleasant Valley State Prison, in the County of Fresno, State of California. I am over 18 years of age and not a party to this action. My address is 24863 West Jayne Avenue, P.O. Box 8500, Coalinga, CA 93210.

On October 16, 2011, I filed and served the attached:

Petitioner's Objections to Report and Recommendation of U.S. Magistrate Judge; Memorandum in Support

by placing a true copy thereof, enclosed in a sealed envelope, for collection and mailing followed established institutional procedures, addressed as follows:

Clerk of the U.S. District Court
Central District of California
312 N. Spring St., # G-8
Los Angeles, CA 90012-4793

David E. Madeo, Atty.
Deputy Attorney General
300 South Spring St., # 1702
Los Angeles, CA 90013

I am readily familiar with this institution's procedures for the collection, processing, and mailing of legal correspondence, and the fact that the correspondence would be deposited with the U.S. Postal Service the next day in the ordinary course of operations.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this Declaration was executed on the above date in Coalinga, California.

Rain Dickey-O'Brien
Declarant

Signature