UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTHONY BORJA, | ) NO. CV 09-02420 DDP (SS) |
| Petitioner, | ) |
| v. | ) **ORDER DENYING CERTIFICATE OF** |
| KELLY HARRINGTON, Warden, | ) **APPEALABILITY** |
| Respondent. | ) |

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court "must issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant."

Under 28 U.S.C. § 2253(c)(1)(A), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the appellant first obtains a COA. Section 2253(c)(2), as amended by the AEDPA, provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of

the denial of a constitutional right." In <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), the Supreme Court clarified the showing required to satisfy Section 2253(c)(2) and to warrant issuance of a COA when a petition has been denied on the merits, as in this case:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under [<u>Barefoot v. Estelle</u>, 463 U.S. 880, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

<u>Slack</u>, 529 U.S. at 483-84 (citation omitted).

<u>Slack</u>, however, does not require a showing by the petitioner that his appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). Accordingly, a court should not deny a COA merely because the court believes that the applicant will not demonstrate an entitlement to relief. <u>Id.</u>

1  Petitioner, a California state prisoner, is serving a determinate
2 term of forty-six years and an indeterminate term of 175 years to life
3 in state prison following his convictions in 2006 for attempted murder,
4 five counts of assault with a firearm, and two counts of shooting at an
5 occupied motor vehicle or inhabited dwelling.  The jury also found true
6 the special allegation that Petitioner committed these crimes for the
7 benefit of a criminal street gang with the specific intent to promote,
8 further, or assist in any criminal conduct by gang members.  The trial
9 court found in a separate proceeding that Petitioner had suffered
10 numerous serious or violent prior felony convictions.  The California
11 Court of Appeal remanded Petitioner's case for resentencing to reflect
12 the above-mentioned sentences but otherwise affirmed Petitioner's
13 convictions on direct appeal.  The California Supreme Court denied
14 Petitioner's petition for review.  Petitioner did not pursue collateral
15 review in state court.

17  Petitioner raised three grounds for relief.  First, Petitioner
18 contended that the trial court committed constitutional error by
19 allowing a gang expert to testify regarding Petitioner's guilt. Second,
20 Petitioner contended that there was insufficient evidence to support the
21 gang enhancement.  Third, Petitioner contended that his conviction for
22 committing assault with a handgun against the Bautista family was not
23 supported by sufficient evidence.
24 \\
25 \\
26 \\
27 \\
28 \\

3

On December 6, 2011, Petitioner filed a Request for Certificate of Appealability. Petitioner's Request for Certificate of Appealability does not contain any new arguments and merely refers to the arguments previously raised in Petitioner's Objections to the Magistrate Judge's Report and Recommendation. The Court has previously considered Petitioner's Objections and has independently reviewed its prior determination of Petitioner's claims. The Court remains satisfied that the denial of these claims was correct and concludes that reasonable jurists would not find its prior decision to be "debatable or wrong." <u>Slack</u>, 529 U.S. at 484. Accordingly, the Court declines to issue a COA.

IT IS SO ORDERED.

DATED: June 5, 2012

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

    /S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE